UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| QUINCY PATRICK JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:20-CV-00244-JRG-CRW |
| SULLIVAN COUNTY JAIL and CHRISTY FRAZIER, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff is a prisoner proceeding pro se on a civil rights complaint for violation of 42 U.S.C. § 1983 in which he alleges that Defendants have denied him necessary medication [Doc. 1]. He has also submitted a motion seeking to proceed *in forma pauperis* in this action [Doc. 4]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the

filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

2

Case 2:20-cv-00244-JRG-CRW   Document 7   Filed 01/05/21   Page 2 of 6   PageID #: 24

(1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. ALLEGATIONS OF THE COMPLAINT

Plaintiff entered the Sullivan County Detention Center ("the Jail") on July 5, 2020 and was placed in the medical unit [Doc. 1 at 5]. On August 20, 2020, Plaintiff filed a kiosk request asking that his prescription for Celexa[1] be refilled [*Id*. at 3-4]. Plaintiff signed a release of information to the medical staff and a release for Walgreens [*Id*. at 3-4]. When Plaintiff had not received his medication by September 10, 2020, he inquired about the medication from a nurse and was told he would need to complete another release form [*Id*. at 4]. Plaintiff again signed a release form and inquired about his medication again on September 27, 2020 [*Id*.]. Finally, on October 3, 2020, Plaintiff was told that the Jail had received a fax from Walgreens stating that Plaintiff did not "have anything filled there" [*Id*. at 5].

---

[1] Celexa is an antidepressant primarily used to treat depression. *See* https://www.drugs.com/celexa.html (last visited December 17, 2020).

3

## IV. ANALYSIS

### A. Sullivan County Jail

Plaintiff has named the Sullivan County Jail as a Defendant. However, a jail is not a "person" subject to liability under § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Sullivan County Jail will be **DISMISSED**.

### B. Christy Frazier

Plaintiff also seeks to impose liability on Defendant Christy Frazier, who is the Jail's "head nurse" [Doc. 1 at 3]. However, Plaintiff's complaint contains no facts referencing Defendant Frazier. Therefore, Plaintiff has not stated a claim against this Defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Frazier merely because she was presumably in charge of the other nursing staff, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Christy Frazier will be **DISMISSED**.

### C. Medical Care

Although Plaintiff has not named a Defendant who bears any culpability, the Court nonetheless addresses Plaintiff's claim that Defendants' actions deprived him of a constitutional right. The Court notes that a prisoner's constitutional right to medical treatment does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, it is only the denial of constitutionally adequate medical care that violates the Eighth Amendment's

4

prohibition against cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (holding Eighth Amendment proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain").

An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). The test is akin to "subjective recklessness as used in the criminal law." *Id*. at 839. Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is with this standard in mind that the Court considers Plaintiff's allegations.

Here, Plaintiff has alleged that Jail staff secured release forms from him, attempted to verify that Plaintiff had a medical condition, and were advised that Plaintiff had no active prescription at the pharmacy to which Plaintiff directed staff. Therefore, while the Court assumes that depression is a serious medical condition, Plaintiff has not alleged facts from which this Court could infer that an individual denied him or sought to deny him medication with a sufficiently culpable mental state.

Moreover, the Court notes that Plaintiff seeks compensatory and punitive damages for "mental anguish and stress" [Doc. 1 at 6]. However, "to recover compensatory and punitive damages under the PLRA, it is not enough to establish an Eighth Amendment violation. A prisoner must also establish a 'physical injury,' meaning an injury that is more than *de minimis*." *Pierre v.*

5

*Padgett*, No. 18-12276, 2020 WL 1650656, at *4 (11th Cir. Apr. 3, 2020); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged that he suffered any physical injury as a result of Defendants' actions, and therefore, he is not permitted to recover damages under the PLRA.

**V. CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

The Court will enter an Order consistent with this opinion.

ENTER:

                                                s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE